BENITEZ, District Judge,
dissenting.
Because this is a simple case of an unex-hausted meritless habeas claim, I respectfully dissent and would affirm the district court’s dismissal.
In the initial post-conviction proceedings, the state court dismissed the petition: The dismissal order was short. It did not say that the dismissal was based solely on procedural grounds. It simply said: “The Court being first fully advised, and finding there is no genuine issue of material fact, and that the defendant is entitled to judgment as a matter of law, Now, THEREFORE, IT IS ORDERED that defendant’s Motion for Summary Judgment is granted. IT IS FURTHER ORDERED that petitioner’s pro se Petition for Post-Conviction Relief is dismissed with prejudice.”
*589 In my view, the federal district court correctly decided that the state court decision was a decision on the merits. See Harrington v. Richter, 562 U.S. 86, 99, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011) (“When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.”) (citation omitted). Since the ineffective assistance of trial counsel claim was not also presented to the state’s highest court, it is an unexhausted claim, correctly dismissed on federal habeas review. See Rose v. Lundy, 455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (“[A]s a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.”) (citing Ex parte Royall, 117 U.S. 241, 251, 6 S.Ct. 734, 29 L.Ed. 868 (1886)); see also 28 U.S.C. § 2254(b)(1).
The majority presumes that the state post-conviction court dismissal was not on the merits but instead based upon petitioner’s failure to support his habeas claim with documentary evidence as required by Oregon’s post-conviction procedures. But that assumes that claim had merit. The federal district court had the state trial transcript at its disposal. Presumably, the state post-conviction court did too. At trial, petitioner’s counsel argued the statute of limitations issue and lost. See district court docket # 25-3, pp. 162-72. What kind of documentary evidence would a court now expect to support his ineffective assistance of trial counsel claim? An affidavit from another attorney to the effect that trial counsel should have been more persuasive and a more persuasive attorney would have changed the outcome on the legal question? No.
Viewed through the lens of the trial transcript, the state post-conviction dismissal on the merits makes sense. The statute of limitations argument was weak. Trial counsel was not deficient. Appellate counsel was not deficient for not raising the weak claim on direct appeal. Post-conviction counsel was not deficient for not attaching support for a meritless ineffective assistance of trial/appellate counsel claim. The state court looked at the petitioner’s new claim of ineffective assistance, judged that it lacked merit, and concluded that this was the reason no supporting evidence was (or ever could) be provided. The federal district court judge, herself a former state trial court and circuit court judge, correctly determined that the state court ruled on the lack of merit. Since the claim is now procedurally defaulted and petitioner can show neither “cause” because post-conviction counsel was not deficient, nor “prejudice” because the original trial counsel was not deficient, the narrow escape hatch of Martinez v. Ryan was closed. The federal claim was dismissed as unexhausted. I would affirm.